**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| JAREL HAINES, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 1:16-CV-1362-WTL-DKL |
| | ) | |
| STANLEY KNIGHT, Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

**I.**

Having considered the pleadings and the expanded record, and being duly advised, the Court finds that the disciplinary proceeding challenged by petitioner Jarel Haines is not tainted by constitutional error. Accordingly, Haines' petition for writ of habeas corpus must be **denied.** This conclusion is based on the following facts and circumstances:

1.      Haines seeks a writ of habeas corpus. "[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). In a setting such as presented by Haines, due process requires that certain procedural safeguards be observed and that the decision be supported by a minimum quantity of evidence.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a hearing officer be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445, 454 (1985).

   2.    The pleadings and the expanded record show the following:

      a.    Haines is an Indiana prisoner who was disciplined in a proceeding identified as No. IYC 16-02-0158. He now challenges the validity of that proceeding by arguing: (i) the hearing officer's decision is not supported by sufficient evidence; (ii) the hearing officer was not impartial; and (iii) there were violations of prison policies associated with the proceeding.

      b.    On February 6, 2016, a conduct report was issued charging Haines with having violated prison rules at the Plainfield Correctional Facility by threatening. It was alleged in that conduct report that in the course of a phone conversation with his mother late in the evening of February 5, 2016, Haines screamed at his mother demanding that she require the mother of his child to leave his mother's house. The rant on this subject concluded with Haines stating: "Mom if she don't leave tomorrow . . . Monday morning she'll leave in a hearse."

      c.    On February 27, 2016, Haines was supplied with a copy of the conduct report and notified of his procedural rights. A hearing in the matter was conducted on March 3, 2016. Haines was present at the hearing and made a statement concerning the charge. His statement was that he would never let anything happen to his baby's momma.

      d.    The hearing officer considered this statement, together with the other evidence, and found Haines guilty of the charged misconduct. This action was then filed after Haines' administrative appeal was rejected.

   3.    Under *Wolff* and *Hill,* Haines received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Haines was given the opportunity to appear before the hearing and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions imposed.

4.      Haines' contentions otherwise are without merit:

a.      Construing the evidence in a manner most favorable to the finding of the hearing officer, *see Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994), Haines informed his mother during a telephone conversation on the late evening of February 5, 2016 that unless the mother of his child was out of his mother's house the day after this phone conversation the woman would leave that house on Monday "in a hearse." This was a threat to that woman made by Haines and communicated to his mother. In this setting, evidence is constitutionally sufficient if it "point[s] to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), and that the decision "not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Although Haines denied that he would ever let anything happen to his baby's momma, he did not deny making the statements and the hearing officer could reasonably conclude that those statements constituted a threat. It was up to the hearing officer to decide any issue of credibility, *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007), and this court cannot now reweigh the evidence. *McPherson,* 188 F.3d at 786 (in reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis"). The evidence in No. IYC 16-02-0158 was constitutionally sufficient as to all components of the offense Haines was found to have committed.

b.       An inmate facing disciplinary charges has the right to an impartial decisionmaker. *Wolff,* 418 U.S. at 571. A "sufficiently impartial" decision maker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson,* 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Haines claims that the hearing officer was not impartial. This claim rests on the manner in which the hearing officer evaluated the evidence and in making this claim he merely invites the court to adopt his proposed *post hoc* rationalization. On the contrary, federal courts employ an initial presumption that disciple hearing officers properly discharge their duties. *See Bracy v. Gramley,* 520 U.S. 899, 909 (1997); *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003) ("Adjudicators are entitled to a presumption of honesty and integrity."). This presumption can be overcome with "clear evidence to the contrary." *See United States v. Armstrong,* 517 U.S. 456, 464 (1996). Haines has not met this burden. In particular, he has not shown that the hearing officer was "personally or substantially involved in the circumstances underlying [the investigation of the] charge." *Greer v. Hogston,* 288 F.App'x. 797, 799 (3d Cir. 2008); *see also Redding v. Holt,* 252 F.App'x 488 (3d Cir. 2007). Haines' claim of bias is without merit because a conduct board (or hearing officer) that follows established procedures,

whose discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness violative of due process. *Wolff,* 418 U.S. at 562 and 571.

c.      Haines' third claim is that there were irregularities and violations of prison policies in connection with the challenged disciplinary proceeding. This claim does not support the relief Haines seeks because "[e]rrors of state law in and of themselves are not cognizable on habeas review."  *Samuel v. Frank,* 525 F.3d 566, 574 (7th Cir. 2008) (citation and quotation marks omitted). "To say that a petitioner's claim is not cognizable on habeas review is . . . another way of saying that his claim 'presents no federal issue at all.'" *Perruquet,* 390 F.3d at 511 (quoting *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991)); *see also See Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (in a habeas action, an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D.Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief).

5.      "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Haines to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied**.

The issuance of this Entry and the accompanying Judgment **grants** the petitioner's motion requesting information concerning the status of the action [dkt 19].

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date:  11/14/16

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

JAREL T. HAINES
933623
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168